Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Melissa M. Harnett (State Bar No. 164309)
mharnett@wcclaw.com
Gregory B. Scarlett (State Bar No. 131486)
**WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone:  (818) 705-6800
Facsimile:  (818) 345-0162

Attorneys for Individual and Representative
Plaintiff Carlos Collado

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS COLLADO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No. 2:09-cv-03087-R-RC<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S APPENDIX OF RECENT AUTHORITY**<br><br>Date: July 20, 2009<br>Time: 10:00 a.m.<br>Judge: Hon. Manuel L. Real |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiffs respectfully submits the attached recent authority for the Court's and the parties' reference in connection with Defendant's Motion to Dismiss. The opinion was issues June 12, 2009, and is not yet available on the Lexis database.

**Case**                                                                                                          **Exhibit**

*Cirulli v. Hyundai Motor Company*,
    SACV 08-0854-AG (C.D. Cal. June 12, 2009) ..................................................... A

DATED:  July 6, 2009          **GIRARD GIBBS LLP**


By:  /s/ Eric H. Gibbs

Dylan Hughes
Geoffrey A. Munroe
601 California Street, 14th Floor
San Francisco, California   94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Melissa M. Harnett
Gregory B. Scarlett
**WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone:  (818) 705-6800
Facsimile:  (818) 345-0162

*Attorneys for Individual and Representative Plaintiff Carlos Collado*

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CIRULLI, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR COMPANY and HYUNDAI MOTOR AMERICA,<br><br>Defendants. | CASE NO. SACV 08-0854 AG (MLGx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT |

Before the Court is the motion to dismiss (the "Motion") Plaintiff's Third Amended Complaint (the "TAC") filed by defendant Hyundai Motor America ("Defendant"). The Court finds this matter appropriate for decision without oral argument. FED. R. CIV. P. 78. Accordingly, the Court VACATES the hearing on this matter scheduled for June 15, 2009.

After considering the parties' arguments, the Court DENIES the Motion as to the first claim for violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code Section 1750, *et seq.*, brought by plaintiff Nicholas Cirulli ("Plaintiff"). The Court GRANTS the Motion as to all of Plaintiff's other claims.

Where the Court grants the Motion, it does so with leave to amend. Plaintiff may file an amended complaint within 21 days of this Order, setting forth adequate allegations against

Defendant. The amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.

**BACKGROUND**

The following facts are taken from the TAC. For purposes of this Motion, the Court assumes these facts to be true.

In 1999, Plaintiff purchased a new 1999 Hyundai Sonata from a Hyundai dealership. (TAC ¶ 9.) The car had a 60-month, 60,000-mile warranty. (*Id.* ¶ 111.)

Eight years later in 2007, Plaintiff was driving the Sonata when, upon approaching a stop sign, he momentarily lost control of his vehicle. (TAC ¶ 9.) At this time, the odometer read 83,412 miles. (*Id.*) Plaintiff discovered that his car "had experienced a front sub-frame failure due to excessive corrosion." (*Id.*) Hyundai refused a subsequent request for warranty coverage for the cost of the sub-frame replacement, instructing Plaintiff that the damage resulting from the corrosion was not covered under the warranty. (*Id.*)

Plaintiff seeks to allege the claims for relief, numbered as follows: (1) violation of the CLRA; (2) violation of California's Fair Advertising Law ("FAL"), California Business and Professions Code Section 17500, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200, *et seq.*; (4) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*;(5) breach of express warranty; and (6) violation of the Warranty Adjustment Act, California Civil Code Section 1795.90, *et seq.*

**ANALYSIS**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. FED R. CIV. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2).

"'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, __ (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at __ (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at __ (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at __, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

1.  **INCORPORATION OF PRIOR FILINGS**

Preliminarily, the Court notices that in the "Memorandum of Points and Authorities in Support of Defendant Hyundai Motor America, Inc.'s Motion to Dismiss Plaintiff's Third Amended Class Action Complaint" (the "Motion") and the "Reply Memorandum of Points & Authorities in Support of Defendant Hyundai Motor America, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint" (the "Reply"), Defendant makes a habit of incorporating filings related to its previous motion to dismiss the Second Amended Complaint. For example, Defendant says:

- "Rather than re-brief the same arguments herein, [Defendant] refers to and incorporates by reference those arguments raised in its prior briefs." (Mot. 10:7-8.)

- "As [Defendant] already briefed this issue extensively . . ., [Defendant] will not re-brief the same arguments. Instead, [Defendant] refers to and incorporates by reference those arguments raised in its prior briefs." (Mot. 10:14-18.)

- "Rather than re-brief those arguments herein, HMA refers the Court to the prior briefing on these issues." (Reply 8:9-11.)

In fact, in the Motion alone, Defendant uses this technique at least seven times. A more cynical court might view this "incorporation by reference" as a thinly-veiled attempt to make an end-run around the page limits set forth in Local Rule 11-6, which says that "[n]o memorandum of points and authorities . . . shall exceed 25 pages in length . . . unless permitted by order of the judge." This Court will simply note that this practice of "incorporation by reference" disregards the spirit of the Local Rules and is unfair to Plaintiff. The Court orders Defendant not to use this practice in the future.

2.  **PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF THE CLRA**

Plaintiff's first claim successfully alleges a violation of the CLRA. The CLRA makes unlawful certain "unfair methods of competition and unfair or deceptive acts or practices" used in the sale of goods or services to consumers. CAL. CIV. CODE § 1770(a). Plaintiff seeks to allege that Defendant violated subsections (a)(5), (9), (14), and (17) of the CLRA. Plaintiff bases his CLRA claim on two theories: fraudulent misrepresentation and fraudulent omission. Plaintiff's theory of fraudulent misrepresentation fails, but Plaintiff's theory of fraudulent omission does not.

Plaintiff's theory of fraudulent misrepresentation fails. Plaintiff seeks to allege that "Defendants uniformly promised that the Sonata was a great value because of its excellent design, construction, and safety; and uniformly represented that the Sonata had layers of anti-corrosion protection that helps body resist corrosion for longer body life." (TAC ¶ 80 (internal quotations omitted).) But the Court has already determined that these statements represent non-actionable puffery. (Jan. 20, 2009 Order 4:16-20, 5:5.) These statements cannot be the basis for a CLRA claim.

Plaintiff's theory of fraudulent omission does not fail. Plaintiff alleges that "[d]espite its early knowledge of the defective drain-hole design, Defendants [sic] uniformly concealed – and continue to conceal – this defect from consumers . . . ." (TAC ¶ 83.) In *Falk*, the Northern District of California found that concealment or a failure to disclose can constitute actionable fraud under the CLRA in four situations:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact.

*Falk v. Gen. Motors Corp.*, 496 F. Supp. 1088, 1095 (N.D. Cal. 2007) (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 327 (1997)). There is no allegation of a fiduciary relationship here, and the other situations require materiality. "In order for non-disclosed information to be material, a plaintiff must show that had the omitted information been disclosed, one would have been aware of it and behaved differently." *Falk*, 496 F. Supp. at 1095 (citing *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1092 (1993)). Here, Plaintiff alleges that "[i]f Plaintiff and the Class had known that the Sonata sub-frame had no corrosion protection and in fact, corrosion was accelerated due to the inadequate number and placement of drain holes, thereby weakening the structural integrity of the Sonata, Plaintiff and the Class would not have purchased their Sonatas." (TAC ¶ 82.) Plaintiff alleges that if Defendant had disclosed the omitted information,

then Plaintiff would have been aware of the alleged defect and would have behaved differently. Plaintiff successfully alleges materiality.

Next, the Court must determine whether Plaintiff sufficiently alleges that Defendant knew or should have known of the defect at the time of sale. Defendant argues that Plaintiff "fails to allege sufficient facts showing [Defendant] knew or should have known *when plaintiff purchased his vehicle* that his Sonata was unusually vulnerable to premature oxidation and corrosion, and consequently structural deterioration . . . ." (Mot. 18:25-19:2 (emphasis in original) (internal quotation omitted).) The Court disagrees. Plaintiff alleges:

- "Since 1999, [Defendant] has . . . constantly tracked the National Highway Traffic Safety Administration . . . database to track reports of defective Sonata sub-frames. From this source, [Defendant] knew that its 1999-2004 Sonatas were experiencing unusually high levels of sub-frame deterioration, steering control arm separation, steering loss, and highway accidents . . . ." (TAC ¶ 39.)

- "Car manufacturers typically counter the problems of road material accumulation and sub-frame corrosion by placing drain holes in the bottom of the sub-frame. Such holes permit the migration of water, dirt, mud, and salt out of the sub-frame, and encourage air circulation inside the sub-frame." (TAC ¶ 19.)

- "The sub-frame [Defendant] designed, manufactured and installed in [Sonatas] was designed and/or manufactured without a sufficient number of drain holes . . . ." (TAC ¶ 20.)

These and other allegations persuade the Court that Plaintiff has sufficiently alleged that Defendant knew or should have known of the defect at the time Defendant sold a car to Plaintiff.

Finally, the Court must determine whether Plaintiff's CLRA claim is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), and if so, whether

Plaintiff satisfies this standard. Plaintiff's CLRA claim sounds in fraud, so it is subject to Rule 9(b). Rule 9(b) requires a plaintiff to allege his claims with enough specificity to give a defendant sufficient notice of the particular misconduct to be able to defend against the charge. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted). Generally, a plaintiff must plead "with particularity" the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *See, e.g., In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994) (en banc); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). But when an allegation rests on a claim of fraudulent omission, the Rule 9(b) standard is relaxed because "a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act." *Washington v. Baenziger*, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987). Here, Plaintiff pleads his CLRA claim based on fraudulent omission with sufficient particularity to satisfy Rule 9(b).

The Court DENIES the Motion as to Plaintiff's first claim for violation of the CLRA.

### 3.  PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF THE FAL

California's False Advertising Law prohibits any "unfair, deceptive, untrue, or misleading advertising." CAL. BUS. AND PROFS. CODE § 17500. Claims brought under the FAL are governed by the "reasonable consumer" test, meaning Plaintiff "must 'show that members of the public are likely to be deceived.'" *Williams v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)).

In the Motion, Defendant argues vehemently that Plaintiff fails to state a claim for violation of the FAL. In his "Response to Hyundai's Motion to Dismiss Plaintiff's Third Amended Class Action Complaint" (the "Opposition"), Plaintiff provides no substantive defense of this claim. (Opp'n 20:24-27.) The Court GRANTS the Motion as to Plaintiff's second claim for violation of the FAL.

### 4. PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF THE UCL

Plaintiff's UCL claim depends on his sixth claim for violation of the Warranty Adjustment Act. Plaintiff acknowledges that if his Warranty Adjustment Act claim fails, his UCL claim must also fail. (Opp'n 12:11-12.) In Section 7, the Court grants the Motion as to Plaintiff's sixth claim for violation of the Warranty Adjustment Act. Thus, the Court also GRANTS the Motion as to Plaintiff's UCL claim.

### 5. PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF THE MMWA

The MMWA requires the application of state warranty law, and "the failure to state a claim under state law necessarily constitute[s] a failure to state a claim under [the MMWA]." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 832-33 (2006). In Section 6, the Court grants the Motion as to Plaintiff's fifth claim for breach of express warranty. Thus, the Court also GRANTS the Motion as to Plaintiff's fourth claim for violation of the MMWA.

### 6. PLAINTIFF'S FIFTH CLAIM FOR BREACH OF WARRANTY

Plaintiff stipulates to dismissal of "the portion of his express warranty claim based on statements outside [Defendant's] 60-month, 60,000-mile warranty." (Opp'n 9:10-12.) Thus, the Court only addresses the portion of Plaintiff's claim based on Defendant's 60-month, 60,000-mile warranty.

Previously, in his opposition to Defendant's motion to dismiss the Second Amended Complaint, Plaintiff asked the Court for leave to amend to substitute a different plaintiff. Plaintiff said, "If the Court finds that failure to discover the hidden problem during the warranty period warrants dismissal, Plaintiff should be given leave to amend to substitute a Plaintiff who discovered and reported the corrosion to Hyundai within the warranty period." (Opp'n 20:24-

27.) The Court gave Plaintiff leave to amend. But Plaintiff did not substitute a different Plaintiff.

Instead, Plaintiff reworked the complaint in an effort to address the Court's concerns. Plaintiff is unsuccessful. Plaintiff fails to cure the defects the Court identified in the Second Amended Complaint because Plaintiff still fails to allege that he discovered the defect within the warranty period. Generally, a claim for breach of express warranty cannot succeed if it is based on a latent defect discovered after the vehicle's warranty elapsed. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) ("If a manufacturer determines that useful life and warrants the product for a lesser period of time, we can hardly say that the warranty is implicated when the item fails after the warranty period expires. The product has performed as expressly warranted."). Plaintiff argues that he "specifically alleges that damage to the sub-frame occurred during the warranty period, because corrosion manifests over time beginning within the warranty period." (Opp'n 6:1-3.) But Plaintiff does not allege that he discovered the defect within the warranty period. To find in Plaintiff's favor would be to "hold that all latent defects are covered under the written warranty, whether they become apparent to the customer before or after the expiration of the written warranty . . . ." *Daugherty*, 144 Cal. App. 4th at 831 (internal quotation omitted). This, in turn, "would [mean that the manufacturer] would, in effect, be obliged to insure that a vehicle it manufactures is defect-free for its entire life." *Id.* (internal quotation omitted).

The Court GRANTS the Motion as to Plaintiff's fifth claim for breach of express warranty.

### 7. PLAINTIFF'S SIXTH CLAIM FOR VIOLATION OF THE WARRANTY ADJUSTMENT ACT

Plaintiff does not sufficiently allege that Defendant violated the Warranty Adjustment Act. This Act applies to "adjustment programs." As defined by the Act, an "adjustment program" is:

> [A]ny program or policy that expands or extends the consumer's warranty beyond its stated limit or under which a manufacturer offers to pay for all or any part of the cost of repairing, or to reimburse consumers for all or any part of the cost of repairing, any condition that may substantially affect vehicle durability, reliability, or performance, other than service provided under a safety or emission-related recall campaign. "Adjustment program" *does not include ad hoc adjustments made by a manufacturer on a case-by-case basis.*

CAL. CIV. CODE § 1795.90 (emphasis added). Plaintiff alleges in the TAC that Defendant repaired vehicles on a case-by-case basis. For example, Plaintiff alleges that Defendant "reflexively denied warranty claims for [some] repairs as untimely, while quietly paying for repairs for the most vocal [c]lass members *on a case-by-case basis* . . . ." (TAC ¶ 4 (emphasis added).) Plaintiff also alleges that Defendant "repaired or replaced *certain customers'* sub-frames free of charge due to corrosion outside the warranty period, purportedly as a gesture of 'goodwill.'" (*Id.* ¶ 40 (emphasis added).) These allegations directly contradict Plaintiff's other allegations that Defendant "provides aggrieved Sonata owners with a free replacement sub-frame as part of a 'silent recall' program." (*Id.* ¶ 127.)

Because Plaintiff alleges that Defendant repaired vehicles on a case-by-case basis, Plaintiff fails to allege adequately that Defendant has an adjustment program. The Court GRANTS the Motion as to Plaintiff's sixth claim for violation of the Warranty Adjustment Act.

### 8. CONCLUSION

Plaintiff adequately alleges his first claim for violation of the CLRA. Plaintiff does not adequately allege his second claim for violation of the FAL, third claim for violation of the UCL, fourth claim for violation of the MMWA, fifth claim for breach of express warranty, or sixth claim for violation of the Warranty Adjustment Act.

**DISPOSITION**

The Court DENIES the Motion as to Plaintiff's first claim for violation of the CLRA. The Court GRANTS the Motion as to all of Plaintiff's other claims.

Where the Court grants the Motion, it does so with leave to amend. Plaintiff may file an amended complaint within 21 days of this Order, setting forth adequate allegations against Defendant. The amended complaint shall be complete in and of itself, and shall not incorporate by reference any prior pleading.

IT IS SO ORDERED.

DATED: June 12, 2009

Andrew J. Guilford
United States District Judge