UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS COLLADO, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TOYOTA MOTOR SALES, U.S.A., INC., <br><br> Defendant. | CIVIL ACTION NO. 1:09-07151 (RJS) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiff Carlos Collado moves for appointment of attorneys Eric H. Gibbs of Girard Gibbs LLP and Melissa M. Harnett of Wasserman, Comden & Casselman, LLP as interim class counsel. Collado's attorneys are uniquely qualified to represent the proposed class in this matter, based on their work done to date in this litigation and their prior experience in consumer class actions. No other counsel has sought appointment as interim class counsel in this case.

**FACTUAL BACKGROUND**

Before the Court is the class action brought by Plaintiff Carlos Collado against Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota"). Plaintiff Collado filed suit on behalf of himself and on behalf of all others who own or lease 2006-2007 Toyota Prius vehicles. Plaintiff Collado alleges that these vehicles suffer from a dangerous and undisclosed safety defect involving their factory-installed high-intensity discharge ("HID") headlights. The HID headlights are prone to shutting off – sporadically and without any advance warning to the driver – while the vehicles are being driven. Plaintiff alleges that Toyota, a California based corporation, has violated California's Consumers Legal Remedies Act[1] and Unfair Competition Law.[2]

---

[1] *See generally* Cal. Civ. Code § 1750 *et seq.*

This action, originally filed in the United States District Court for the Central District of California on May 1, 2009, was transferred to this Court on July 27, 2009. Simultaneously pending in California state court, is a class action against Toyota based on virtually identical factual allegations. *See generally Walley v. Toyota Motor Sales, U.S.A., Inc.*, No. BC419672 (Cal. Super. Court Los Angeles County). Plaintiff Collado's counsel in this matter also represents the plaintiff and proposed class in *Walley*.[3]

## ARGUMENT

Federal Rule of Civil Procedure 23(g) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). Appointment of interim class counsel can be a useful tool of the Court to protect the interests of the class during pre-certification activities. MANUAL FOR COMPLEX LITIGATION (FOURTH), § 21.11 (2005). As the Advisory Committee Notes recognize, interim counsel would be charged with conducting pre-certification discovery, motion practice, and any settlement discussions on behalf of the proposed class as well as the named representative. *Accord* MANUAL FOR COMPLEX LITIGATION § 21.11. Given the benefits that an appointment of interim class counsel would provide to the Court and the putative class, Plaintiff Collado respectfully requests that the Court use its authority to enter an order appointing interim class counsel in this case.

Plaintiff Collado respectfully submits that his counsel in this matter, Eric Gibbs of Girard Gibbs LLP ("GG") and Melissa Harnett of Wasserman, Comden & Casselman, LLP ("WCC"), are the ideal choice for interim class co-counsel in this action. Courts considering motions to appoint interim class counsel generally rely on the factors set forth in Rule 23:

---

[2] *See generally* Cal. Bus. & Prof. Code § 17200 *et seq.*
[3] Also pending in California state court are two other class actions against Toyota alleging virtually identical facts and legal claims. *See Dillard v. Toyota Motor Sales, U.S.A., Inc.*, No. BC419912 (Cal. Super. Court Los Angeles County); *Moore v. Toyota Motor Sales, U.S.A., Inc.*, No. BC420179 (Cal. Super. Court Los Angeles County). Both actions were filed after Plaintiff Collado's counsel had filed *Walley v. Toyota Motor Sales, U.S.A., Inc.*, in the same court.

   (i)  the work counsel has done in identifying or investigating potential claims in the action;

   (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

   (iii)  counsel's knowledge of the applicable law; and

   (iv)  the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *see Parkinson v. Hyundai Motor Am.*, No. SACV 06-345 AHS, 2006 U.S. Dist. LEXIS 59055, *6 (C.D.Cal. Aug. 7, 2006) (the factors set forth for appointing class counsel should also be considered when appointing interim class counsel).  As will be discussed, each of these four factors strongly supports appointment of GG and WCC as interim class co-counsel.  In addition, the appointment of GG and WCC as interim class co-counsel would comport with the requirement that interim class counsel "fairly and adequately represent the interests of the class."  *See* FED. R. CIV. P. 23(g)(1)(E).

 **(i) Girard Gibbs And Wasserman, Comden & Casselman Have Spent Significant Time And Devoted Substantial Resources Identifying And Investigating Potential Claims**

  The first factor to be considered strongly supports appointment of GG and WCC to be interim class co-counsel: the firms have invested substantial time and effort successfully identifying and investigating claims on behalf of the owners and lessees of 2006-2007 Toyota Prius vehicles.  GG and WCC began investigating in earnest at the beginning of 2009, after learning of the problems consumers were having with the HID lights in the vehicles.  Pl.'s Ex. A at ¶ 4 (Declaration of Eric H. Gibbs).  Over the last year, the firms have been in contact with approximately 500 such consumers.  *Id.* at ¶ 5.  The firms have spent many hours interviewing approximately 175 of them, obtaining detailed accounts of their experiences.  *Id.*  In addition to communicating with impacted consumers, the firms' investigation of potential claims has involved contact with the National Highway Traffic Safety Administration (NHTSA), communication with an automotive consultant, research of Toyota's business practices, and

examination of the pertinent caselaw and statutes.  *Id.* at ¶ 6.  The work-up of the case allowed GG and WCC to file an informed initial complaint on behalf of Plaintiff Collado and will facilitate an amendment of that complaint and the service of targeted discovery requests.

In addition, this is not the only action in which GG and WCC are actively litigating against Toyota based on the factory-installed HID lights.  As noted above, GG and WCC are co-counsel in a class action against Toyota involving nearly identical factual allegations pending in California state court.  *See Walley v. Toyota Motor Sales, U.S.A., Inc.*, No. BC419672 (Cal. Super. Court Los Angeles County).  The substantial devotion of time and resources – in both the instant case and the case in California state court – has put the firms in a position to fast track this litigation by identifying the critical legal and factual issues that will need to be resolved to prepare this case for trial or settlement, and to work with each Court to coordinate these proceedings, if appropriate.

       **(ii)**      **Girard Gibbs' And Wasserman, Comden & Casselman's Experience Uniquely Positions The Firms To Serve As Interim Class Co-Counsel**

The second factor under Rule 23(g) similarly supports appointment of GG and WCC to be interim class co-counsel: the firms have extensive experience prosecuting complex class actions.  The firms' experience includes the litigation of myriad consumer protection and deceptive trade practices claims.  *See* Pl.'s Ex. A; Pl.'s Ex. B (Declaration of Melissa Harnett).  The firms have successfully prosecuted numerous consumer fraud class actions in courts throughout the country and, perhaps most notably, have achieved favorable resolution in a number of consumer class actions featuring allegations against motor vehicle manufacturers.  *Id.*

For example, the firms worked together in *Bacca v. BMW of North America, L.L.C.*, No. CV 06-06753 (C.D.Cal.).  In *Bacca*, the firms represented plaintiffs who had filed a class action complaint against BMW of North America alleging that the 1999-2006 BMW 3 Series vehicles suffered from defective sub-frames.  Pl.'s Ex. A at ¶ 8.  GG and WCC collaborated successfully during the litigation and settlement negotiations.  *Id.*  On behalf of the class, the firms ultimately secured both reimbursement for sub-frame repair expenses and an agreement from BMW to

implement a Nationwide Sub-frame Inspection and Repair Program. *Id.* Counsel secured preliminary approval of the proposed class settlement on March 3, 2009, and final approval on August 10, 2009. *Id.* A number of class members wrote class counsel and the court expressing their satisfaction with the settlement. *Id.* The results obtained in *Bacca* demonstrate that the attorneys at GG and WCC have the experience and resources to deal efficiently and pragmatically in the context of complex, class litigation. It stands to reason that the proposed class will benefit if this combination of skills is again brought to bear in this case. Moreover, *Bacca* illustrates counsel's ability to expeditiously and effectively reach the disposition of a complex class action case, eliminating waste and conserving valuable judicial recourses.

      Attorneys from GG and WCC have also served separately on numerous additional complex class actions, including many alleging automotive defects, in which the firms have obtained optimal results for the plaintiffs and classes. *See* Pl.'s Ex. A; Pl.'s Ex. B. Included among these cases is *Mercedes-Benz Tele Aid Contract Litigation*, which has involved issues that will likely arise in this case, including choice of law issues involving application of state law concerning out-of-state plaintiffs. *See generally* No. 07-2720 (D.N.J.). In *Mercedes-Benz*, GG serves as co-lead counsel, representing a group of Mercedes owners and lessees who were sold vehicles with Tele Aid systems designed to provide automated crash notification, emergency road-side assistance, and stolen vehicle tracking. Pl.'s Ex. A at ¶ 9. Plaintiffs allege that Mercedes failed to tell them and the class members that their Tele Aid systems would soon stop working unless they paid for an expensive retrofit. *Id.* In April 2009, Judge Dickinson Debevoise certified the class's consumer fraud and unjust enrichment claims for trial on a nationwide basis, and the United States Court of Appeals for the Third Circuit subsequently denied review. *Id.*

      GG currently serves as co-lead counsel in *Parkinson v. Hyundai Motor America*, No. No. 8:06-cv-0345 (C.D.Cal.), in which the firm has successfully litigated a contested motion for appointment as interim class co-counsel, prevailed on a motion to dismiss, and prevailed on a motion for nationwide class certification, in which the Ninth Circuit denied Rule 23(f) review.

Pl.'s Ex. A at ¶ 10.  Chief District Judge Alicemarie Stotler appointed GG interim class co-counsel, holding that GG and co-counsel had "more experience and greater resources to commit to representing any class that may be certified."  *Parkinson v. Hyundai Motor Am.*, No. 8:06-cv-0345, 2006 U.S. Dist. LEXIS 59055, *5-8 (C.D.Cal. Aug. 7, 2006).

In an additional case against Hyundai, GG served as court appointed co-lead counsel in a nationwide class action suit brought on behalf of Hyundai Elantra owners and lessees.  *See Roy v. Hyundai Motor America*, No. SACV 05-483-AHS (C.D.Cal.).  The actions in *Roy* were based on allegations that the passenger air bag system installed on the Elantras was defective.  Pl.'s Ex. A at ¶ 12.  GG worked with Hyundai's counsel to minimize the cost of litigating the case by double-tracking informal discovery and motion practice.  *Id.*  GG was able to negotiate a settlement at an early juncture in the case, whereby Hyundai agreed to repair the air bag systems, provide reimbursement for transportation related expenses, and provide an alternative dispute resolution program allowing for trade-ins and buy-backs.  *Id.*  Judge Stotler described the settlement as a "win-win" for the parties.  *Id.*

The attorneys of record from WCC have also successfully prosecuted numerous consumer fraud class actions throughout the country.  Pl.'s Ex. B.  Notably, the firm has achieved favorable resolution in several consumer class actions featuring allegations against manufacturers.  *Id.*  Melissa Harnett, as head of the class action department at WCC, is the attorney principally responsible for more than 15 actions currently pending involving class claims.  *Id.*  Among others, WCC has been appointed class counsel in *Friedman v. 24 Hour Fitness U.S.A., Inc.*, No. 06-CV-06282 (C.D.Cal.); *In re Bluetooth Headset Products Liability Litigation*, MDL No. 1822; *Wilson v. Airborne Inc.*, No. EDCV 07-770-VAP (C.D.Cal.); and *Roper v. Walgreen Co.,* No. 2:07-CV-04238 (N.J.).  Pl.'s Ex. B at ¶¶ 19-21, 25.  In addition, WCC has been appointed by the court to be a member of the Class Action Executive Committee in *Microsoft Xbox 360 Scratched Disc Litigation*, 2:07-cv-1295, 2:07-cv-1132 (W.D.Wa.).  *Id.* at ¶ 24.  In addition, WCC is currently prosecuting on behalf of putative classes automotive defect claims in litigation against American Honda Motors and General Motors Corporation (the

6

latter one having been stayed by General Motors' bankruptcy filing).  *Id.* at ¶¶ 17-18.

In sum, the collective experience of Eric Gibbs of GG and Melissa Harnett of WCC supports their appointment as interim class co-counsel.  Substantial additional information pertaining to the attorneys' experience in this area, and the experience of their respective firms, are detailed in the attached declarations.  *See* Pl.'s Ex. A; Pl.'s Ex. B.

   **(iii) Girard Gibbs And Wasserman, Comden & Casselman Have Proven Knowledge Of The Applicable Law**

The third factor to be considered similarly supports the appointment of GG and WCC as interim class co-counsel: the firms have a proven knowledge of the applicable law.  As discussed above, GG and WCC have extensive experience litigating automotive defect claims in both federal and state courts across the country.  Given their demonstrated knowledge of the applicable law, GG and WCC are well-qualified to litigate the consumer claims on behalf of the proposed class.  In short, the firms' direct, relevant experience litigating complex class actions involving issues of consumer protection merits appointment of the firms as interim class co-counsel in these actions.

   **(iv) Girard Gibbs And Wasserman, Comden & Casselman Have Consistently Committed All Necessary Resources For Obtaining Optimal Results**

Finally, the fourth factor to be considered also supports the appointment of GG and WCC to be interim class co-counsel: the firms have the ability and commitment to devote substantial resources to representing the Plaintiffs in these actions.  History should be the guide of what resources class counsel will bring to bear on a new case.  Here, the firms have a well-established history of committing ample resources to class action litigation, providing an extremely strong basis for predicting the firms will do likewise in the future.  *See* Pl.'s Ex. A; Pl.'s Ex. B.

GG and WCC have consistently committed significant financial and human resources to potential classes and have obtained the maximum value settlements for them.  GG employs 14 lawyers in addition to 6 paralegals and other support staff.  Pl.'s Ex. A at ¶ 31.  WCC has 33 attorneys along with ample paralegals and support staff.  Pl.'s Ex. B.  The firms have committed

to technology and have invested in complex litigation software tools that allow them to litigate cases of any size and scope.  Pl.'s Ex. A at ¶ 31; Pl.'s Ex. B at ¶ 27.  GG has been selected as outside counsel by decision makers at public pension funds and corporations.  *See* Pl.'s Ex. A at ¶ 31.  Melissa Harnett has had numerous speaking engagements including presentations on class actions before the Ventura County Bar Association Litigation Chapter and a national teleconference entitled "False Advertising Consumer Class Actions on the Rise."  Pl.'s Ex. B at ¶ 28.  Ms. Harnett has been contacted by national news publications and television news channels to lend her expertise to news items concerning class action litigation.  *Id.*  These accomplishments and dedication of resources are compelling evidence that GG and WCC are well qualified to serve as interim class co-counsel in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff Carlos Collado respectfully requests that the Court appoint Eric Gibbs of Girard Gibbs LLP and Melissa Harnett of Wasserman, Comden & Casselman, LLP as interim class co-counsel.

DATED:  September 23, 2009                    Respectfully submitted,

        /s/ Eric H. Gibbs
Eric H. Gibbs

Dylan Hughes
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94104
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Melissa M. Harnett
Gregory B. Scarlett
**WASSERMAN, COMDEN &
CASSELMAN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800
Facsimile: (818) 345-0162

Attorneys for Individual and Representative
Plaintiff Carlos Collado