Michael L. Mallow (*admitted pro hac vice*)
Mark D. Campbell (*admitted pro hac vice*)
Darlene M. Cho (*admitted pro hac vice*)
Michael B. Shortnacy (MS-4445)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
212-407-4000

Attorneys for Defendant
Toyota Motor Sales, U.S.A., Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                             :
CARLOS COLLADO, on behalf of himself                         :
and all others similarly situated,                           :  09-CV-07151 (RJS) (DCF)
                                                             :
                 Plaintiff,                                  :
                                                             :
        v.                                                   :  **ECF CASE**
                                                             :
TOYOTA MOTOR SALES, U.S.A, INC.,                             :
                                                             :
                 Defendant.                                  :
------------------------------------------------------------X

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL PURSUANT TO RULE 23(g)**

Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") respectfully submits this memorandum of law in opposition to Plaintiff Carlos Collado's ("Plaintiff" or "Collado") motion, pursuant to Fed. R. Civ. P. 23(g), for appointment of interim class counsel (the "Motion").

## INTRODUCTION

Plaintiff seeks to resolve a question that is typically among the thorniest in class action litigation: Who is best suited to represent the class? Yet, notwithstanding the significance of the requested relief, there is little substance, if any, to the Motion itself. The only "facts" that Plaintiff submits are the resumes of his two law firms, which begs the question: why is the appointment of interim class counsel necessary at this early stage of the litigation?

Moreover, Plaintiff fails to explain whether he intends, by the Motion, to sweep the related California state court litigations into the *Collado* plaintiff class. If that is the case, it would seem that the other California counsel in the related state court cases might have something to say on the subject. Similarly, Los Angeles Superior Court Judge Highberger, who is overseeing the related class action litigations in California, might also wish to be heard on the matter.[1] Yet, there is no indication that the California litigants were ever served with the instant Motion and it is less clear whether Judge Highberger is aware of these proceedings.

Plaintiff's Motion does not even scratch the surface of the issues it raises and without addressing those issues, it would be premature to consider, let alone appoint, any law firm as

---

[1] Indeed, the Federal Judicial Center's MANUAL FOR COMPLEX LITIGATION, FOURTH, § 20.313 suggests that the decision to appoint lead counsel be made jointly between coordinating courts. Campbell Decl., Ex. A.

interim class counsel.  In short, the Motion appears to be nothing more than a hasty power grab without a plan and should be denied.

## FACTUAL BACKGROUND

This action originated in the Central District of California on or about May 1, 2009, when Collado filed his federal court complaint against TMS for, among other things, violation of California's Consumers Legal Remedies Act and Unfair Competition Law.  Declaration of Mark D. Campbell, dated October 7, 2009 ("Campbell Decl."), at ¶ 4, Ex. B.  On July 27, 2009, United States District Court Judge Manuel Real, transferred this action, *sua sponte,* to this district for all further proceedings pursuant to 28 U.S.C. § 1404(a).  *Id.*, Exs. C-D.

Shortly after Judge Real's order transferring this action to this district, counsel for Collado initiated a second class action, this time in the Superior Court for the State of California, County of Los Angeles, entitled *Michael Walley v. Toyota Motor Sales, U.S.A., Inc.* (Case No. BC419672).  Campbell Decl., Ex. E; *see also* September 23, 2009 Declaration of Eric H. Gibbs ("Gibbs Decl.") at ¶ 3.  Thereafter, counsel – other than the two firms representing Plaintiff Callado herein – filed two additional class actions against TMS in L.A. Superior Court alleging virtually identical facts and legal claims.[2]  Campbell Decl., Exs. F-G.

On or about September 22, 2009, the Superior Court deemed the *Walley, Dillard,* and *Moore* actions related cases and assigned each case to Superior Court Judge William F. Highberger for all purposes.  Campbell Decl., Ex. H.  In addition, on September 22, 2009, Judge Highberger issued an order staying the proceedings until at least October 27, 2009, the date on

---

[2] The *James T. Dillard v. Toyota Motor Sales U.S.A., Inc.* (Case No. BC419912) class action was commenced by the Initiative Legal Group, APC on or about August 14, 2009. The *Evan Moore v. Toyota Motor Sales, U.S.A., Inc.* (Case No. BC420179) class action was commenced by Arias, Ozello & Gignac LLP, on or about August 20, 2009.

which he scheduled an initial status conference.[3] *Id.*, Ex. G. Counsel for Collado was served with notice of the order issued by Judge Highberger. *Id.*

## DISCUSSION

### A. TMS Has Standing To Oppose Plaintiff's Motion For Appointment of Interim Class Counsel.

As an initial matter, TMS has standing to oppose this Motion, as do other plaintiffs' counsel who might not want to cede control over their related cases to Collado. A motion for appointment of counsel, or a motion regarding the propriety of counsel under Rule 23, may be litigated by defendants, or by other counsel competing for appointment. *See, e.g., Lyon v. Arizona*, 80 F.R.D. 665 (D. Ariz. 1978) (granting defendant's motion to dismiss, in part, because counsel's conflict of interests and settlement procedures were improper under Rule 23); *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (considering papers by three sets of counsel competing for status as interim counsel under Rule 23(g)).

### B. Collado's Motion Lacks Sufficient Justification For The Appointment Of Interim Counsel At This Time.

As an initial matter, it is unclear whether all affected plaintiffs' counsel were served with the Motion which purports to seek to take control of actions filed by other plaintiffs and other counsel. At a minimum, one would expect at least some mention of the efforts Collado made to convince other counsel to cede control of their cases to him. On this record, one is left to guess whether the other plaintiffs' counsel even knew this motion was in the works.

Interim counsel may be appointed "if necessary to protect the interests of the putative class," or to litigate over class certification, or if settlement is in the air, or if infighting among

---

[3] The initial status conference was adjourned on consent of all parties to November 3, 2009. *See* Campbell Decl., Ex. I.

plaintiffs' counsel has created "rivalry or uncertainty that makes formal designation of interim counsel appropriate." *Id.* There is no allegation in Collado's papers that such rivalry or uncertainty actually exist among Collado and the other counsel. In fact, the papers are silent on the subject.

Moreover, while the Motion goes on for eight pages, it begs more questions than it answers. It fails to address the essential issues posed by Rule 23(g) – why interim counsel is needed, why Collado's counsel should be appointed over other counsel, and whether the cases should be consolidated, and before which judge. These related cases involve only <u>three</u> plaintiff firms, in two jurisdictions, and there is no reason to believe that the actions cannot be coordinated between the small number of law firms involved in these cases. In fact, this Court already has indicated a willingness to coordinate the *Collado* matter with the California litigations. There is no reason to believe that such coordination will be insufficient.

Collado also fails to offer any reasons why interim class counsel is needed now, while the California actions are stayed, and before Judge Highberger has a chance to conduct an initial status conference. Appointment of class counsel is not required at this stage of the litigation and should be deferred until a class is actually certified, if ever. Fed. R. Civ. P. 23(c)(1)(B). Indeed, deferring such a decision is appropriate where "there is reason to anticipate competing applications to serve as class counsel." Notes of Advisory Committee on 2003 amendments to Fed. R. Civ. P. 23(g)(2)(A).

## CONCLUSION

Collado's motion to appoint interim counsel is lacking in all respects. Collado fails to explain why the appointment of interim counsel is necessary at this early stage of the litigation. He further fails to explain whether the requested relief effects, in any manner, the related

California litigations, and if so, why it appears that the other California parties were not served with notice of the Motion. In light of these deficiencies, the motion should be denied.

Dated:　　New York, New York
　　　　　October 7, 2009

　　　　　　　　　　　　　　　　　　　LOEB & LOEB LLP

　　　　　　　　　　　　　　　　By:　 /s/ Mark D. Campbell
　　　　　　　　　　　　　　　　　　　Michael L. Mallow (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　Mark D. Campbell (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　Darlene M. Cho (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　Michael B. Shortnacy (MS-4445)
　　　　　　　　　　　　　　　　　　　345 Park Avenue
　　　　　　　　　　　　　　　　　　　New York, New York 10154-1895
　　　　　　　　　　　　　　　　　　　212-407-4000

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　*Toyota Motor Sales, U.S.A., Inc.*