1  MICHAEL L. MALLOW (SBN 188745)
   mmallow@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  MICHAEL B. SHORTNACY (Admitted *Pro Hac Vice*)
   mshortnacy@loeb.com
4  DEREK K. ISHIKAWA (SBN 270275)
   dishikawa@loeb.com
5  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
6  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
7  Facsimile:   310-282-2200

8  Attorneys for Defendant
   TOYOTA MOTOR SALES, U.S.A.,
9  INC.

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12

13 | CARLOS COLLADO, et al., on behalf of themselves and all others similarly situated, | Case No. 2:10-cv-3113-R-RCx |
|---|---|
| Plaintiffs, | **POINTS AND AUTHORITIES IN SUPPORT OF JOINT EX PARTE APPLICATION TO EXTEND TIME TO FILE MOTION FOR CLASS CERTIFICATION** |
| v. | |
| TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | |
| Defendant. | |
| ELLIOT FIXLER, on behalf of himself and all others similarly situated, | Case No. 2:10-cv-3124-R-SSx |
| Plaintiff, | |
| v. | |
| TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | |
| Defendant. | |

LA2074158.1
212799-10002

P&A ISO JOINT EX PARTE APP. TO
EXTEND TIME TO FILE MOT. FOR
CLASS CERT.

This JOINT EX PARTE APPLICATION is respectfully submitted by the plaintiffs in the above captioned cases ("Plaintiffs") and Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") (collectively the "Parties"), by and through their respective counsel of record in the above-captioned action, to extend the deadline for Plaintiffs to file their Motion for Class Certification, which is currently set for September 20, 2010. When an act may or must be done within a specified time, the court may, for good cause, extend the time. Fed. R. Civ. P. 6(b)(1). As set forth below, good cause exists here because: (i) the Parties participated in a mediation on August 17 and are currently discussing a settlement framework; (ii) the volume of documents and tremendous resources required have been strained; (iii) additional time is required in order to avoid creating an appealable issue. Indeed, the Parties agree that a brief thirty-day extension to the time originally requested by the parties will be more efficient for both the Court and the Parties, and will allow the Parties the time necessary to reach a mutually agreeable settlement.

**I.    The Current Deadline for Filing a Class Certification Motion**

By Order dated May 18, 2010, this Court directed Plaintiffs to "comply with the dictates of Local Rule 23-3 as to the deadline for filing a motion for class certification." (Declaration of Michael L. Mallow, dated September 9, 2010, Exhibit A; hereinafter "Mallow Decl., Exh. __".) Thereafter, on June 9, 2010, the Parties filed a Joint Ex Parte Application for an Order for Class Certification and Discovery Schedule, requesting a deadline for Plaintiffs to file their motion for class certification by October 19, 2010. (Mallow Decl., Exh. B). On June 11, 2010, this Court granted the Joint Ex Parte Application re: Class Certification and Discovery Schedule, but shortened the time for Plaintiffs to file their motion for class certification to no later than September 20, 2010. (Mallow Decl., Exh. C).

LA2074158.1
212799-10002

2

P&A ISO JOINT EX PARTE APP. TO EXTEND TIME TO FILE MOT. FOR CLASS CERT.

## II. Good Cause Exists for a Brief Extension Because the Parties Recently Engaged in a Mediation and are Approaching Agreement on a Settlement

On August 17, 2010, the Parties entered into early mediation in a good faith effort to discuss potential avenues for settlement before the Honorable Layn R. Phillips (Ret.). The Parties incurred considerable costs associated with participating in the mediation, including the filing of mediation briefs, and dedicated a full day to active mediation, which the Parties believe has resulted in a working settlement framework. Moreover, since the mediation, the Parties have been in frequent contact with each other and their respective clients in order to reach agreement on outstanding settlement issues, a task which, for Toyota, has required multiple conferences with its parent corporation located in Japan. As a result of these continued efforts to resolve the action, and following the Parties' most recent discussions, the Parties remain optimistic that they may reach mutual agreement within the next two weeks.

Should the case ultimately settle, a brief extension now will conserve judicial resources that would otherwise be required by the briefing of the Class Certification Motion on the current schedule. In addition, the Parties believe a short continuance of the due date for Plaintiffs' motion for class certification would also promote possible settlement by allowing Plaintiffs to avoid the impending expenditure of significant resources in engaging expert witnesses to support the class certification motion, which expenses would have the effect of increasing litigation costs and diminishing opportunities for settlement.

## III. In Spite of Considerable Efforts, Impediments Complicate Toyota's Ability to Respond to Plaintiffs' Discovery within the Time Currently Provided by this Court

Despite the substantial resources Toyota has dedicated to responding to the various discovery demands made upon it in this action, an almost simultaneous

LA2074158.1
212799-10002

3

P&A ISO JOINT EX PARTE APP. TO EXTEND TIME TO FILE MOT. FOR CLASS CERT.

1  onslaught of litigation and government investigations has made it nearly impossible
2  for Toyota to respond to discovery within the period provided by this Court.  In this
3  action alone, more than thirty different attorneys have spent thousands of hours
4  reviewing tens of thousands of documents potentially responsive to Plaintiffs'
5  discovery requests.  Moreover, given the overlapping nature of discovery requests
6  across various litigations and investigations, Toyota has dedicated significant time
7  and resources to coordinating its review with numerous outside counsel firms in
8  order to facilitate consistent productions and discovery responses.

9        In addition, many of the documents and information sought by Plaintiffs for
10 the certification motion, especially documents related to design, manufacturing and
11 initial testing of HID headlights, are located in Japan and have required substantive
12 review by Japanese-speaking attorneys.  The resources available to Toyota for
13 translation are also thinly stretched due to the volume of material required for the
14 numerous other pending actions.  As a result, Toyota is still dedicating considerable
15 resources to producing these remaining documents on a rolling basis.

16       In addition, there are significant challenges related to Toyota's ability to
17 properly prepare for and schedule depositions.  In light of the pending litigations, a
18 number of Toyota employees to be deposed in this action have been subject to
19 repeated depositions within a relatively short period of time, making scheduling
20 very difficult.  Moreover, because the Plaintiffs' class representatives are scattered
21 throughout the country, necessitating a travel schedule to be coordinated by all
22 counsel, there are also challenges associated with depositions of Plaintiffs' class
23 representatives within the same short period of time.  In light of these challenges,
24 the Parties have agreed to postpone those depositions until after the Plaintiffs'
25 deadline to file their motion for class certification.

26       The Parties believe that the totality of these actions, investigations, and
27 inquiries, and the strains placed on Toyota's available resources for the processing
28 and delivery of necessary discovery materials, scheduling and preparation for

LA2074158.1
212799-10002

4

P&A ISO JOINT EX PARTE APP. TO
EXTEND TIME TO FILE MOT. FOR
CLASS CERT.

depositions, and notions of fundamental fairness justify the additional time for Plaintiffs to complete their investigation and file their Motion for Class Certification as jointly requested herein.

## IV. Providing an Extension Would Prevent Prejudice to the Plaintiff Class and Avoid Creating an Appealable Issue

While Toyota does not believe class certification is appropriate or warranted, as will be fully presented in its Opposition to Plaintiffs' Motion for Class Certification, given the substantial strain on Toyota's resources for responding to discovery, Toyota appreciates that the putative class may be at a disadvantage given outstanding productions and depositions and would like to avoid the potential for any prejudice to Plaintiffs' Motion for Class Certification.  Specifically, should this Court deny Plaintiffs' Motion for Class Certification under the existing deadline, Toyota does not want to provide grounds for a reviewable issue for appeal.

In fact, given the breadth and depth of the issues related to class certification, Toyota supports providing Plaintiffs with an additional thirty days in which to complete their investigation and prepare their Motion for Class Certification. Having discussed the matter at length, the Parties thereby agree that the brief additional time is reasonable and appropriate and that good cause exists to extend the time within which to file Plaintiffs' Class Certification Motion to October 19, 2010, which is the date originally requested by the Parties in their June 9, 2010 Joint Ex Parte Application to this Court for a Scheduling Order.

LA2074158.1
212799-10002

5

P&A ISO JOINT EX PARTE APP. TO EXTEND TIME TO FILE MOT. FOR CLASS CERT.

### V. Proposed Deadline for Plaintiffs' Motion for Class Certification

NOW THEREFORE, the Parties respectfully request that the Court extend Plaintiffs' deadline to file a Motion for Class Certification thirty (30) days from September 20, 2010 to October 19, 2010.

Dated: September 10, 2010

**LOEB & LOEB LLP**
MICHAEL L. MALLOW
MARK D. CAMPBELL
MICHAEL B. SHORTNACY
DEREK K. ISHIKAWA

By: /s/ Michael L. Mallow
Michael L. Mallow
Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., INC.

Dated: September 10, 2010

**GIRARD GIBBS LLP**

By: /s/ Eric H. Gibbs
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Melissa M. Harnett
**WASSERMAN, COMDEN & CASSELMAN, LLP**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800
Facsimile: (818) 345-0162

LA2074158.1
212799-10002

6

P&A ISO JOINT EX PARTE APP. TO EXTEND TIME TO FILE MOT. FOR CLASS CERT.

| | |
|---|---|
| 1 | Payam Shahian |
| 2 | **INITIATIVE LEGAL GROUP, APC** |
|   | 1800 Century Park East, 2nd Floor |
| 3 | Los Angeles, California 90067 |
|   | Telephone: (310) 556-5637 |
| 4 | Facsimile: (310) 861-9051 |
| 5 | |
|   | Mike Arias |
| 6 | **ARIAS, OZZELLO & GIGNAC LLP** |
|   | 6701 Center Drive West, Suite 1400 |
| 7 | Los Angeles, California 90045 |
|   | Telephone: (310) 670-1600 |
| 8 | Facsimile: (310) 670-1231 |
| 9 | |
| 10 | Attorneys for *Collado* Plaintiffs |
| 11 | Andrew N. Friedman |
| 12 | **COHEN MILSTEIN SELLERS AND TOLL PLLC** |
| 13 | 1100 New York Avenue NW, Suite 500 |
|    | Washington, DC 20005 |
| 14 | Telephone: (202) 408-4600 |
|    | Facsimile: (202) 408-4699 |
| 15 | |
| 16 | Attorneys for *Fixler* Plaintiff |

LA2074158.1

LA2074158.1

7

P&A ISO JOINT EX PARTE APP. TO EXTEND TIME TO FILE MOT. FOR ASS CERT.