Eric H. Gibbs (State Bar No. 178658)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: ehg@girardgibbs.com

*Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS COLLADO, et al.<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.<br><br>ELLIOT FIXLER<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC. | Case Nos. 2:10-cv-3113-R-RC<br>　　　　　　2:10-cv-03124-R-SS<br><br>**SUPPLEMENTAL DECLARATION OF ERIC H. GIBBS IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL AND ATTORNEY FEES**<br><br>Date:　October 17, 2011<br>Time:　10:00 a.m.<br>Judge:　Hon. Manuel L. Real |

I, Eric H. Gibbs, hereby declare as follows:

1. I am a partner at Girard Gibbs LLP, one of the law firms who have represented Plaintiffs in this case. I have personal knowledge of the facts below and, if called upon to do so, could and would testify competently thereto.

2. I submit this declaration, along with Plaintiffs' supplemental filing of today's date, to address certain issues that came up at the August 29, 2011 fairness hearing. The Court elected to continue the hearing, but permitted the parties to submit additional materials regarding settlement claims data and the Ninth Circuit's recent *Bluetooth* opinion.

3. One element of *Bluetooth* is that the Court should guard against an unreasonable lodestar-based fee calculation by cross-checking that calculation using the percentage method. The Court expressed some concern at the hearing that the total of all counsel's fee requests exceed the value of the relief being provided to the class under the settlement.

4. As explained in the accompanying memorandum, the settlement, if approved, would provide between $2.2 million and $2.4 million in reimbursements for past repairs; about $1.75 million in extended warranty repairs; and about $400,000 for notice and claims administration. Should the Court decide to award a total of $2 million in attorney fees, the fee award would comprise approximately 31% of the "constructive common fund," which is not significantly higher than the 25% benchmark used in true common fund cases.

5. Based on my experience in automotive consumer class actions like this one, I believe that a reasonable lodestar for the work done on behalf of the class in this case is between $2 million and $2.2 million.

6. My experience successfully litigating these types of cases is set forth in my June 6th declaration. (*See* Doc. 151, ¶¶ 39-43.) One recent example is *Browne v. Honda*, in which Judge Margaret M. Morrow calculated the reasonable lodestar at $1.28 million for a case that alleged a defect in the braking systems used primarily in 2008-2009 Honda

1

SUPPLEMENTAL DECLARATION OF ERIC H. GIBBS
CASE NOS. 2:10-CV-3113-R-RC; 2:10-CV-03123-R-SS

Accords. *See* 09-CV-06750, Doc. 62 at 20 (C.D. Cal.) The settlement in that case was approved about 1 year after the case was first filed.

7. Another recent example is *Parkinson v. Hyundai Motor America*, where Judge Alicemarie H. Stotler calculated the reasonable lodestar at $3.7 million for a case that alleged concealment of a defect that caused early and repeated failure of flywheel and clutch components used in the 2003 Tiburon. The settlement in that case was approved about 4 years after the case was first filed.

8. This case falls roughly in the middle between the *Honda* and *Hyundai* cases, both in duration of the case and the amount of litigation activity involved, and I believe that a reasonable lodestar calculation would fall somewhere in the middle as well.

9. One of the differences between this case and the *Honda* and *Hyundai* cases is that several more law firms claimed to have materially contributed to the litigation in this case. That does not mean this case justifies a greater overall lodestar as a result, but it does mean that it will require more attention from the Court to determine which of the firms' reported time was reasonable in light of the resulting benefits to the class, and which firms' reported time were not.

10. I have previously addressed some inaccuracies in the contributions described by other Plaintiffs' counsel in this case, particularly as to the Initiative Legal Group. (*See* Doc. 167, ¶¶ 8, 11-15.) At the August 29th hearing, the Court seemed to express that it was having difficulty resolving conflicting claims made by some of the Plaintiffs' counsel in their evidentiary submissions. If it would assist the Court, I would happy to support my testimony with *in camera* submissions so that the Court can better assess the respective firms' contributions to the pleadings and discovery actually used in this case, as well as to the successful resolution of Plaintiffs' claims, while preserving applicable work product protections.

11. In addition, to assist the Court in assessing the overall degree of success achieved in the litigation, which *Bluetooth* states is a an important factor in connection with both final approval and any fee requests submitted by counsel, I have attached as

1  Exhibit A a true and correct copy of the CLRA demand letter my firm and the
2  Wasserman law firm served on Toyota at the onset of the litigation.  From my perceptive,
3  the proposed settlement achieves what we were seeking to accomplish by filing this
4  action—namely, notice to the class of known issues with HID headlights on class
5  vehicles; free repairs of the allegedly defective HID headlights; and restitution for past
6  repairs—and is worthy of final approval.
7      I declare under penalty of perjury under the laws of the United States of America
8  that the foregoing is true and correct.  Executed on this 2nd day of September 2011, at
9  San Francisco, California.

                                         /s/ Eric H. Gibbs